The Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GABRIEL MARQUEZ VARGAS,<br><br>            Plaintiff,<br><br>v.<br><br>RRA CP OPPORTUNITY TRUST 1, REAL TIME RESOLUTIONS, INC., and NORTH STAR TRUSTEE, LLC,<br><br>            Defendants. | Case No. 2:22-cv-01440-LK<br><br>PLAINTIFF'S MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT<br><br>**NOTE ON MOTION CALENDAR:**<br><br>       **MARCH 3, 2023** |

## I.    INTRODUCTION

Pursuant to Wash. Rev. Code § 2.60.020 and Fed.R. Civ P. 54(b)[1], Plaintiff Gabriel Marquez Vargas[2] moves this Court to certify two important, unanswered questions of Washington State law to the Washington Supreme Court regarding the enforcement through foreclosure of a non-negotiable, open-end home equity line of credit contract secured by a deed of trust on a residence. The Plaintiff respectfully

[1] "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."
[2] Mr. Marquez Vargas has two surnames: Marquez (paternal) and Vargas (maternal).

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

contends that all the Washington published foreclosure case law to-date rests on an analysis of the law of negotiable instruments and no published case law directly addresses the question of which Washington laws control the foreclosure of a non-negotiable, open-ended credit line contract not payable in fixed, monthly installments.

When it is necessary to ascertain the local law of the State of Washington to dispose of an opinion of any federal court before whom a proceeding is pending and the local law has not been clearly determined, a federal court may certify a question to the supreme court. RCW 2.60.020.

## II.    PROPOSED ISSUES FOR CERTIFICATION

1) The Deeds of Trust Act ("DTA"), RCW 61.24, *et seq.* only permits its use by one who meets the definition of "beneficiary", i.e., "the holder of the instrument or document evidencing the obligations secured by the deed of trust . . ." RCW 61.24.005(2).  The Washington Supreme Court made clear in *Bain v. Metropolitan Mrtg., et al.* that we must look to RCW 62A.1-201(21)(A) for the definition of "holder", confirming its applicability to the interpretation of "holder" for purposes using the DTA.  *Bain v. Metro. Mortg. Grp., Inc.,* 175 Wash. 2d 83, 104, 285 P.3d 34, 47 (2012). Given that restriction, can one who owns a home equity line of credit agreement, which does not involve a negotiable instrument, use the non-judicial foreclosure process under the DTA?

2) Does a home equity line of credit agreement which meets the federal definition of an open-ended credit plan at 12 CFR § 1026.2(20) constitute an installment loan under Washington law?

PLAINTIFF'S MOTION TO CERTIFY ISSUES TO THE
WASHINGTON SUPREME COURT - 2
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The resolution of these two unanswered questions will determine this case's outcome. If the Defendants do not constitute the lawful beneficiary under Washington law, they lack the authority to rely on the DTA. Also, if the HELOC does not constitute an installment loan, then the law regarding installment loan mortgages and deeds of trust is not relevant to what triggers the running of the statute of limitations for a HELOC. Therefore, certification will promote efficiency of court resources.

### III.    ARGUMENT

Washington's certification procedure may be invoked by any federal court on its own motion or "upon the motion of any interested party in the litigation involved." RCW 2.60.030(1). Mr. Marquez Vargas is the interested party entitled to bring this motion. These two critical questions of state law have not been determined by any statutes or case law, and the appropriate course of action is to certify questions regarding these issues to the Washington State Supreme Court asking them to provide these answers. *See Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974) (noting that federal certification of state law questions "helps build a cooperative judicial federalism," and is "particularly appropriate" for novel or unsettled questions of state law).

Certification of controlling questions of state law is provided for in Local Washington USDC Rule of Appellate Procedure 16.16: "When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court to answer

PLAINTIFF'S MOTION TO CERTIFY ISSUES TO THE
WASHINGTON SUPREME COURT - 3
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

1  the question of local law involved and the supreme court shall render its opinion in

2  answer thereto." R.A.P. 16.16.

3       A federal court sitting in diversity applies the substantive law of the state.

4  *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir.1992). The

5  Washington Supreme Court is the controlling authority on questions of Washington

6  law. *See id.* If the highest court has not determined an issue, a federal court sitting in

7  diversity has the responsibility to predict how the state would resolve it through careful

8  analysis." *Air–Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176, 186 (9th

9  Cir.1989) (internal quotation marks omitted). Here, there is no law upon which this

10  court can look to predict how the state Supreme Court would resolve this issue.

11  ### A.    Plaintiff's Position

12       Mr. Marquez Vargas resides at 4611 S. 164th St., Tukwila, WA 98188. Dkt. 42

13  ¶ 1. To finance the purchase of his home, Mr. Marquez Vargas obtained a Home

14  Equity Credit Line Agreement and Disclosure Statement ("HELOC") that is subordinate

15  to a note and deed of trust that is not the subject of this lawsuit. Dkt. 42 ¶ 20. Federal

16  regulators define home equity plans as "open-end credit plans secured by the

17  consumer's dwelling." 12 C.F.R § 1026.40. Dkt. 42 ¶ 21. Open-end credit means:

> …consumer credit extended by a creditor under a
> plan in which:
> (i) The creditor reasonably contemplates repeated
> transactions;
> (ii) The creditor may impose a finance charge from
> time to time on an outstanding unpaid balance; and
> (iii) The amount of credit that may be extended to the
> consumer during the term of the plan (up to any limit
> set by the creditor) is generally made available to the
> extent that any outstanding balance is repaid.

PLAINTIFF'S MOTION TO CERTIFY ISSUES TO THE
WASHINGTON SUPREME COURT - 4
2:22-cv-01440-LK

12 C.F.R § 1026.2(20).[3]

A HELOC envisions repeated transactions with a revolving credit line notwithstanding the fact that a particular consumer may choose not to return for further credit extensions. *See* Staff Commentary to 12 C.F.R § 1026.2(20). A HELOC credit line is fundamentally incompatible with the plain language of the DTA as to who is a "beneficiary" and the holdings of all published Washington case law to-date.

Under the Deeds of Trust Act, only the beneficiary may enforce the deed of trust. RCW 61.24.030. "'Beneficiary' means the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." *Bain v. Metro. Mortg. Grp., Inc.,* 175 Wash. 2d 83, 98-99, 285 P.3d 34, 47 (2012) *citing to* RCW 61.24.005(2). In *Bain*, the Supreme Court held that an entity seeking to nonjudicially foreclose a defaulted mortgage loan was not a lawful beneficiary under the DTA because it never held the *promissory note* secured by the deed of trust. *Bain v. Metro. Mortg. Grp., Inc.,* 175 Wash.2d 83, 110, 285 P.3d 34, 47 (2012) (emphasis added).

The Supreme Court turned to former RCW 62A.1-201(20) (2001) for the definition of "holder." *Bain* at 104. Under the current iteration of the statute, "'[h]older' with respect to a negotiable instrument, means: [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." RCW 62A.1-201(21)(A). *Bain* makes clear that only a holder of a negotiable instrument constitutes a lawful beneficiary empowered to execute a

---

[3] https://www.consumerfinance.gov/rules-policy/regulations/1026/interp-2/#2-a-20-Interp

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

nonjudicial foreclosure. Additionally, under *Brown v. Washington State Dep't of Com.*, the Supreme Court further clarified that the DTA encompasses law from Washington's Uniform Commercial Code (U.C.C.), including concepts from Article 3. 184 Wash. 2d 509, 515, 359 P.3d 771, 774 (2015). Thus, the Marquez Vargas HELOC cannot be "held" by anyone because it does not meet the definition of a negotiable promissory note. RCW 62A.3-104(a)

Indeed, the Marquez Vargas HELOC does not constitute a negotiable instrument because it: (1) conditions the contractual promises on separate written instructions expressly incorporated by reference (Dkt. 42 ¶ 25); (2) did not extend a loan for a fixed amount of money (Dkt. 42 ¶ 22); (3) did not contain a fixed, certain term or date of maturity (Dkt. 42 ¶ 23); and (4) lacked a requirement to pay a fixed, monthly installment because it distinguishes the minimum payment payable during the draw periods from the payment due during repayment period when the loan amortized (Dkt. 42 ¶ 24).

Mr. Marquez Vargas is not aware of any decision by the Supreme Court nor any portion of the DTA which authorizes anyone other than a holder of a negotiable instrument to make the choice to use the DTA to non-judicially foreclosure.[4]   Although the Supreme Court has ruled in a case involving a non-negotiable instrument (a reverse mortgage which does not meet the definition of a negotiable instrument), the Court's holding turned on the law of full faith and credit and did not address any

---

[4] It is important for this Court to bear in mind that no one is required to use the DTA to foreclosure in Washington. It is a choice which can be made by those who are authorized to do so by the Washington Legislature.

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

distinction between negotiable and non-negotiable instruments being used in a non-judicial foreclosure under the DTA. *OneWest Bank, FSB v. Erickson,* 185 Wash. 2d 43, 55, 367 P.3d 1063, 1069 (2016) ("We hold that Washington courts are required to give full faith and credit to the Idaho proceedings"). Moreover, the Washington Legislature subsequently effectively overturned that decision, finding that reverse mortgages are not covered by the DTA. Laws of 2018, ch. 306, § 9 codified at RCW 61.12.180.

In the absence of negotiability, Washington's bedrock law of contracts controls open-ended credit plans like the home equity line of credit agreement at issue here and those contracts are subject to state law statutes for assignability and the statute of limitations. *See* RCW 4.08.080; 4.16.040(1); *see also 1000 Va. Ltd. P'ship v. Vertecs*, 158 Wash. 2d 566, 575-76, 146 P.3d 423, 428 (2006) ("the action accrues when the plaintiff discovers the salient facts underlying the elements of the cause of action").

### B.   If the Order is Granted

If this motion is granted, Mr. Marquez Vargas requests that the Court stay further proceedings until the Supreme Court makes a decision. *See Thronell v. Seattle Serv. Bureau, Inc.*, No. C14-1601 MJP, 2015 WL 1000426, at *2 (W.D. Wash. Mar. 6, 2015) (staying the case "until the Washington Supreme Court answers the certified questions"). The Washington Supreme Court will decide whether to accept the certified questions. If accepted, Washington's appellate court rules provide that "[t]he federal court shall designate who will file the first brief" in the Washington Supreme Court. WRAP 16.16(e)(1). Because Mr. Marquez Vargas brought the motion raising the certified questions, he should be the party to file the first brief.

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

It would be appropriate for this Court's order to confirm that its framing of the certified questions does not "restrict the Washington State Supreme Court's consideration of any issues that it determines are relevant." *Adamson v. Port of Bellingham*, 899 F.3d 1047, 1052 (9th Cir. 2018), certified question answered, 193 Wash. 2d 178, 438 P.3d 522 (2019). The Court's order may also note that the Washington Supreme Court "may in its discretion reformulate the question." *Id.* (citation omitted).

## IV.   CONCLUSION

Certification is appropriate in circumstances like these where the precedent lacks any substantive analysis directly on point distinguishing between negotiable installment instruments and non-negotiable contracts containing conditional promises and lacking a fixed debt, due date, and a fully amortizing installment payment. The answers to these questions will affect an untold number of Washington equity line agreements. *See, e.g., Adamson*, 899 F.3d at 1051 (certifying because an "important question of Washington law is not entirely settled and involves matters of policy best left to resolution by the State of Washington's highest court"). This Court should grant the Plaintiff's motion.

Respectfully submitted this 13th day of February 2023.

BARRAZA LAW, PLLC

*/s/ Vicente Omar Barraza*
Vicente O Barraza, WSBA 43589
10728 16th Ave SW
Seattle, WA 98146
omar@barrazalaw.com
Tel# 206-933-7861

HENRY & DEGRAAFF, P.S.

*/s/ Christina L Henry*
Christina L. Henry, WSBA# 31273
113 Cherry St, PMB 58364
Seattle, Washington 98104-2205
chenry@HDM-legal.com
Tel# 206-330-0595

PLAINTIFF'S MOTION TO CERTIFY ISSUES TO THE
WASHINGTON SUPREME COURT - 8
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

1

## CERTIFICATE OF SERVICE

2

I hereby certify under penalty of perjury that I caused the foregoing Motion TO
3   Certify Issues to the Washington Supreme Court to be served by electronic service:
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to
4   electronic service through the Court's transmission facilities. The Court's CM/ECF
systems sends an e-mail notification of the filing to the parties and counsel of record
5   listed below who are registered with the Court's EC/ECF system:

6   Scott D. Crawford
Tom B. Pierce
7   Zieve Brodnax & Steele LLP
11335 NE 122nd, Suite 105
8   Kirkland, WA 98034
scrawford@ZBSlaw.com
9   tpierce@ZBSlaw.com

10
Geana M. Van Dessel, as attorney for
11   Defendants RRA CP Opportunity Trust 1 and Real Time Resolutions, Inc.
Kutak Rock LLP
12   510 W. Riverside Ave., Suite 800
Spokane, WA 99201
13   Geana.VanDessel@KutakRock.com
SpokaneLitigationFilings@KutakRock.com
14

15   DATED this 13th day of February 2023.

16
*/s/ Vicente Omar Barraza*
17   Vicente Omar Barraza
Attorney at Law
18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO CERTIFY ISSUES TO THE
WASHINGTON SUPREME COURT - 9
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863