UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL MARQUEZ VARGAS,<br><br>                Plaintiff,<br>    v.<br><br>RRA CP OPPORTUNITY TRUST 1, et al.,<br><br>                Defendants. | CASE NO. 2:22-CV-01440-LK<br><br>ORDER EXTENDING INITIAL DEADLINES AND REQUIRING WORD COUNT CERTIFICATIONS |

      This matter comes before the Court on the parties' Stipulated Motion to Extend Initial Discovery Deadlines. Dkt. No. 58. The deadlines for their Rule 26(f) Conference, Initial Disclosures, and Joint Status Report and Discovery Plan all passed in February. *See* Dec. 13, 2022 Docket Entry. The parties suggest that they "inadvertently missed" these deadlines while briefing Defendants' motion to dismiss and Plaintiff's motion to certify. Dkt. No. 58 at 2. After Court staff alerted the parties of their oversight, they apparently conferred and now ask the Court to suspend the initial scheduling deadlines until it rules on the pending motion to dismiss and motion to certify. *Id.* They specifically request the following extension:

| EVENT | SCHEDULED DATE | RESCHEDULED DATE |
|---|---|---|
| Deadline for FRCP 26(f) Conference | February 13, 2023 | 14 days after the Court resolves the pending motion to dismiss and motion to certify |
| Deadline for Initial Disclosures | February 21, 2023 | 21 days after the Court resolves the pending motion to dismiss and motion to certify |
| Deadline for Joint Status Report and Discovery Plan | February 28, 2023 | 28 days after the Court's resolution of the pending motion to dismiss and motion to certify |

The Court grants the stipulation and extends the initial deadlines accordingly. It also cautions the parties against similar conduct in the future. This belated request to extend the deadlines after they passed—and only once Court staff alerted the parties of their oversight—is disrespectful to the Court and wasteful of scarce judicial resources. Other more diligent parties await their turn.

To ensure that this sort of misconduct does not occur again, the Court finds it necessary to note two rules implicated by the parties' request. The first is Federal Rule of Civil Procedure 6(b)(1)(B), which permits an extension of time after a deadline has passed only upon a showing of excusable neglect. The parties here assert that they "inadvertently missed the initial court deadlines and the joint status report deadline" because they were briefing their pending motions. Dkt. No. 58 at 2. To the extent it even makes sense that a party would miss deadlines simply because motions unrelated to those deadlines have been filed, mere inadvertence generally does not constitute excusable neglect. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Next is Local Civil Rule 7(j), which directs that a motion for relief from a deadline "should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Parties may not assume that the motion will be granted and "must comply with the existing deadlines unless the court orders otherwise." LCR 7(j). The

Court need not belabor its analysis with respect to this latter directive. It suffices to observe that a stipulation submitted days after the deadlines have passed violates the rule.

As a final matter, the Court notes that Plaintiff's motion for a TRO and motion to certify violate Local Civil Rule 7(e). Effective February 1, 2023, motions filed in the Western District of Washington are subject to word counts. *See* General Order No. 02-23. And "[w]hen word limits apply, the signature block shall include the certification of the signer as to the number of words, substantially as follows: 'I certify that this memorandum contains ___ words, in compliance with the Local Civil Rules.'" LCR 7(e)(6). Neither of Plaintiff's filings contain such a certification. Accordingly, no later than March 17, 2023, Plaintiff must file a certification of word count for each of his motions. These certifications must identify any overlength portions of the motions.

The Court expects strict adherence to the Local Civil Rules, the Federal Rules of Civil Procedure, and its Standing Order for All Civil Cases. Future infractions of the rules or disregard for deadlines may result in sanctions, and the Court will summarily strike motions that fail to comply with Local Civil Rule 7(e).

Dated this 13th day of March, 2023.

_____
Lauren King
United States District Judge