The Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GABRIEL MARQUEZ VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>RRA CP OPPORTUNITY TRUST 1, REAL TIME RESOLUTIONS, INC., and NORTH STAR TRUSTEE, LLC,<br><br>Defendants. | Case No. 2:22-cv-01440-LK<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ISSUES TO THE WASHINGTON SUPREME COURT<br><br>NOTING DATE: MARCH 17, 2023 |

Defendants Real Time Resolutions ("RTR") and RRA CP Opportunity Trust 1 ("RRA") concede that "Washington courts have never commented on the negotiability of a debt as a pre-requisite to non-judicial foreclosure." Dkt. 57, p. 7, line 5. For precisely this reason, this case merits certification to the Supreme Court of Washington because no prior case squarely addresses negotiability as a prerequisite to the exercise of the power of non-judicial sale granted by the Deeds of Trust Act at Chapter 61.24 RCW and the accrual of the statute of limitations in the absence of negotiability.

RTR and RRA tacitly acknowledge they have a problem by now threatening to file a judicial foreclosure action to moot the motion to certify. However, filing a motion

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE - 1
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

for judicial foreclosure would not the moot consumer protection claims and the request declaratory and injunctive relief against RTR, RRA, and North Star Trustee, LLC for initiating the non-judicial foreclosure action and issuing a notice of trustee's sale.

Defendants' characterization of this home equity line of credit case as opening the flood gates to require an inquiry into negotiability prior to every non-judicial foreclosure and harm consumers looking for credit is hyperbole. Dkt. 57, p. 9, lines 17 - 25. It is not unreasonable to assume that lenders and their successors already analyze these legal questions prior to choosing their remedy. Here, the Plaintiff is merely asking the Court to certify the question of whether the contracts the lenders drafted and executed, providing for open-ended credit privileges, must be foreclosed judicially.

The Defendants appear to believe that the Deeds of Trust Act confers the right to non-judicially foreclose all deeds of trust, but on the other hand acknowledge that agricultural land is excluded. Dkt. No. 57, p. 6, lines 4-7. As a starting proposition, the line of credit contract at issue here is secured by a "Deed of Trust (Line of Credit Trust Deed)." Dkt. 42, ¶ 28. The words of the contracts matter, especially when they make clear that the contracts provide a line of credit rather than a mortgage.

Washington law provides two alternative means to foreclose real property securing a loan contract: (1) non-judicially through Chapter 61.24 RCW, and (2) judicially through Chapter 61.12 RCW. While non-judicial foreclosure provides lenders an efficient remedy to recover, they "must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor" because "the act dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 567 (2012). Thus, the Deeds of Trust confers a privilege, not a right to foreclose nonjudicially. Rather than "stretch" the interpretation of the word "beneficiary" as the Defendants assert at Docket

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE - 2
2:22-cv-01440-LK

Barraza Law PLLC
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

57, p. 9, line 17, black letter law compels us to strictly interpret the meaning of "holder" because the Deeds of Trust Act defines the beneficiary as the "holder" of a negotiable instrument.

Defendants insist that the Supreme Court held that the holder of a reverse mortgage could foreclose, which they claim supports their argument. *OneWest Bank, FSB v. Erickson*, 367 P.3d 1063, 1078 (2016). Firstly, *OneWest* involved a judicial foreclosure, not a nonjudicial foreclosure. To the extent that *OneWest* stands for the proposition that a non-negotiable instrument must be foreclosed judicially, then RTR and RRA violated the law by initiating non-judicial foreclosure proceedings against Mr. Marquez.

In any event, negotiability did not determine the outcome in *OneWest*. The Supreme Court in *OneWest* limited its review to the three defenses asserted by the borrower: (1) *OneWest* did not constitute a bona fide mortgagee; (2) the Idaho conservator lacked the legal authority to encumber Washington real property; and (3) *OneWest* did not hold the promissory note and the deed of trust was not properly acknowledged. *OneWest*, 367 P.3d at 1067. The Court did not review negotiability.

The Washington Supreme Court did not hold that *OneWest* was the holder so much as accept the factual findings of the trial court. *Id.* The courts agree that OneWest turned on the law of full faith and credit. *Chan Healthcare Grp. PS v. Liberty Mut. Fire Ins. Co.*, 1 Wn. App. 2d 529, 535 (2017). To the extent that *OneWest* "applied Article III of the U.C.C. to reverse mortgage notes, it did not address negotiability." *Bennett v. CIT Bank, N.A.*, 544 F. Supp. 3d 1225, 1230 (2021) (internal citations omitted). This case will be the first opportunity the Washington State Supreme Court has had to address whether negotiability constitutes a prerequisite to the exercise of the power of sale conferred under the Deeds of Trust Act.

The Defendants concede that this HELOC is a different legal animal because

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE - 3
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

they agree with Plaintiffs that acceleration does not control the triggering of the statute of limitations because the termination of a HELOC account renders "the outstanding balance…'payable in full at the time of such termination.'" Dkt. 57, p. 2, lines 22 - 25. Indeed, Mr. Marquez opened the HELOC account in December of 2005 and defaulted on February 18, 2011, at or near the end of the initial draw period. Shortly thereafter, the servicer of the loan changed. Dkt. 57, p. 8, lines 9 - 15. Indeed, the Defendants assume that the HELOC provided the borrower two five-year draw periods. Dkt. 57, p. 2, lines 21-22. RRA purportedly purchased the defaulted HELOC from the Bank of New York Mellon on April 22, 2016, well after the two initial five-year draw periods. If RRA had purchased the HELOC during the draw periods, it would have been contractually obligated to make draws available.

      In an ironic twist, the Defendants call attention to an external document referred to as "Important Terms of Our Home Equity Line of Credit" in support of the proposition that the Marquez HELOC constitutes a negotiable installment loan. However, a negotiable instrument signed in blank cannot rely on external documents to render a promise unconditional. *Nicholls v. Robertson*, No. 83347-2-I, slip. op at 10 (Wash. Ct. App. March 13, 2023) (published in part). (A negotiable instrument is an unconditional promise or order to pay a fixed amount of money, with or without interest...Negotiability exists and is determined from the face, the four corners, of the instrument at the time it is issued without reference to extrinsic facts (internal citations omitted)). If a promise cannot be rendered unconditional by relying on writings beyond the four corners of the contract, the defendants cannot rely on external writings to render the HELOC into an installment note with a term certain.

      Lastly, while Plaintiffs agree with Defendants that federal regulations do not control the Washington statute of limitations applicable to a HELOC, the federal definition of an open-ended line of credit prevents the Marquez HELOC from being

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE - 4
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

considered an installment loan (Dkt, 57, p. 11, lines 7-9). Thus, certification seems especially appropriate for the Washington State Supreme Court to define what constitutes an installment loan.

In conclusion, the certified questions provide a perfect opportunity for the Supreme Court of Washington to squarely address the question of whether negotiability constitutes a prerequisite to the exercise of the power of sale under the Deeds of Trust Act and to determine the interplay between federal regulations defining an open-ended credit line, the definition of an installment note, and the accrual of the statute of limitations.

Respectfully submitted this 12th day of March 2023.

We certify that this memorandum contains 1,220 words, excluding signature blocks, captions, and certificate of service, in compliance with the Local Civil Rules.

BARRAZA LAW, PLLC

/s/ Vicente Omar Barraza
Vicente O Barraza, WSBA 43589
10728 16th Ave SW
Seattle, WA 98146
omar@barrazalaw.com
Tel# 206-933-7861

HENRY & DEGRAAFF, P.S.

/s/ Christina L Henry
Christina L. Henry, WSBA# 31273
113 Cherry St, PMB 58364
Seattle, Washington 98104-2205
chenry@HDM-legal.com
Tel# 206-330-0595

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE - 5
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused the foregoing Reply to be served by electronic service: Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed below who are registered with the Court's EC/ECF system:

Scott D. Crawford
Tom B. Pierce
Zieve Brodnax & Steele LLP
11335 NE 122nd, Suite 105
Kirkland, WA 98034
scrawford@ZBSlaw.com
tpierce@ZBSlaw.com

Geana M. Van Dessel, as attorney for
Defendants RRA CP Opportunity Trust 1 and Real Time Resolutions, Inc.
Kutak Rock LLP
510 W. Riverside Ave., Suite 800
Spokane, WA 99201
Geana.VanDessel@KutakRock.com
SpokaneLitigationFilings@KutakRock.com

DATED this 12th day of March 2023.

/s/ Vicente Omar Barraza
Vicente Omar Barraza
Attorney at Law

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE - 6
2:22-cv-01440-LK

**Barraza Law PLLC**
10728 16th Ave SW
Seattle, WA 98146
telephone (206) 933-7861
fax (206) 933-7863