1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL MARQUEZ VARGAS,

               Plaintiff,

     v.

RRA CP OPPORTUNITY TRUST 1, et al.

               Defendants.

CASE NO. 2:22-CV-01440-LK

ORDER STAYING ALL
DEADLINES

This matter comes before the Court on the parties' Joint Motion to Stay All Deadlines. Dkt. No. 68. For the reasons explained below, the Court grants the motion and stays all deadlines until October 31, 2024.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the

granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268.

Here, the parties have agreed to enter settlement discussions and are in the process of selecting a mediator. Dkt. No. 68 at 1. Under these circumstances, the factors weigh in favor of granting the stay. Considering the first factor, granting the parties a relatively short stay of less than two months to engage in mediation and possible settlement will not cause any damage. The second factor favors a stay to conserve judicial resources and the parties' resources, particularly given the Court's plan to certify questions to the Washington Supreme Court and its request that the parties engage in additional briefing on the framing of the certified questions. *See* Dkt. No. 67. It would be inefficient to give continued attention to these matters if the case might be resolved within the next two months. And given the parties' active efforts to select a mediator and begin the mediation process, the third factor, the orderly course of justice, also weighs in favor of a stay. It would complicate matters, both here and for the mediator, to have this case proceed while the parties are actively mediating.

The Court therefore GRANTS the motion to stay all deadlines. Dkt. No. 68. All case deadlines, including the September 12, 2024 deadline for supplemental briefing on the framing of the certified questions, are stayed until October 31, 2024. The parties should file a joint status report by the earlier of (1) November 7, 2024 or (2) within 30 days of conclusion of the mediation notifying the Court whether the matter can be dismissed or whether they seek to lift the stay.

Dated this 11th day of September, 2024.

Lauren King
United States District Judge