UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL MARQUEZ VARGAS,<br><br>                Plaintiff,<br>    v.<br><br>RRA CP OPPORTUNITY TRUST 1, et al.<br><br>                Defendants. | CASE NO. 2:22-cv-01440-LK<br><br>ORDER CERTIFYING QUESTIONS TO THE WASHINGTON SUPREME COURT |

      This matter comes before the Court on Defendants' Motion to Dismiss, Dkt. No. 27, and Plaintiff's Motion to Certify Questions to the Washington Supreme Court, Dkt. No. 50.

      On August 29, 2024, the Court deferred ruling on portions of Defendants' motion to dismiss and granted in part Plaintiff's motion to certify questions to the Washington Supreme Court. Dkt. No. 67. In that order, the Court agreed to certify questions related to whether the possessor of a home equity line of credit ("HELOC") agreement can avail itself of the nonjudicial foreclosure procedures provided for in Washington's Deed of Trust Act. *Id*. at 39–42. The order sets forth the procedural history and factual background of this case. *See id*. at 2–9.

The Court offered proposed questions for certification and requested that the parties submit additional briefing on how the questions should be framed. *Id.* at 41–42. Having considered the parties' submissions, Dkt. Nos. 75–76, the Court hereby **CERTIFIES** the following questions to the Washington Supreme Court:

(1) Whether a typical HELOC agreement[1] that has a closed draw period and specified maturity date is a negotiable instrument under Article 3 of Washington's Uniform Commercial Code? If the Court answers this question in the affirmative, it need not address the remaining question. Alternatively, the Court may choose to answer only the latter question.

(2) Whether an alleged beneficiary under the Deed of Trust Act satisfies the requirement to show that it is "the holder of any promissory note or other obligation secured by the deed of trust," Wash. Rev. Code § 61.24.030(7)(a), by executing a declaration under penalty of perjury attesting that it is the holder of a HELOC agreement?

These questions of state law "ha[ve] not been clearly determined" and do not "involve a question determined by reference to the United States Constitution." Wash. R. App. P. 16.16(a); *see also* Dkt. No. 67 at 37–41. Moreover, the Court believes they have "important public policy ramifications" and are "of broad application," *U.S. Bank, N.A., Tr. for Holders of J.P. Morgan Mortg. Tr. 2007-S3 v. S. Highlands Cmty. Ass'n*, 999 F.3d 1185, 1187 (9th Cir. 2021), and that the Washington Supreme Court "is better qualified to answer the certified question[s] in the first instance," *Perez-Farias v. Glob. Horizons, Inc.*, 668 F.3d 589, 593 (9th Cir. 2011). *See* Dkt. No. 67 at 40–41.

Finally, the Court does not intend its framing of the questions to restrict the Washington Supreme Court's discretion to reformulate the questions or consider any issues that it determines are relevant. *Adamson v. Port of Bellingham*, 899 F.3d 1047, 1052 (9th Cir. 2018).

---

[1] A typical HELOC agreement provides a credit limit applicable during the draw period, during which the borrower is responsible for monthly interest-only payments, and a repayment period, during which the borrower is responsible for monthly payments including principal and interest.

Accordingly, the Court ORDERS as follows:

1. This Court CERTIFIES the above questions of law to the Washington Supreme Court.

2. The Clerk of the Court is DIRECTED to submit to the Washington Supreme Court certified copies of this Order; a copy of the docket in this matter; and docket numbers 27, 31, 42, 46, 50, 57, 62, 64, 65, 67, 75, 76. These records contain the matters in the pending case deemed material for consideration of the certified questions.

3. If the Washington Supreme Court accepts review of the certified questions, this Court designates Plaintiff to file the first brief. *See* Wash. R. App. P. 16.16(e)(1). The parties are referred to Washington Rule of Appellate Procedure 16.16 for additional information regarding procedures upon review of the certified questions.

4. Further proceedings in this Court are STAYED pending the Washington Supreme Court's decision on whether it will accept review. If the Court accepts review, the proceedings will remain stayed pending receipt of the answer(s) to the certified question(s). *See* Wash. R. App. P. 16.16(g). The parties shall file a joint status report no later than fourteen (14) days after the earliest of the Washington Supreme Court either declining review or answering the certified question(s).

Dated this 23rd day of December, 2024.

Lauren King
United States District Judge